UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-09591-MWC-AS Date: September 9, 2026

Title: Austin Montgomery v. Garfield Beach CVS, L.L.C., *et al.*

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
| --- | --- |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: SUBJECT-MATTER JURISDICTION AND REMAND (DKT. [1])**

This premises liability action arises after Plaintiff Austin Montgomery ("Plaintiff") sustained injuries from a dangerous condition at CVS Pharmacy. *See* Compl., Dkt. # 1-2 ("*Compl.*") ¶¶ 7–10. On August 27, 2026, Defendant Garfield Beach CVS, L.L.C. ("Defendant") removed the action from the Superior Court of California, Los Angeles (Case No. 26LBCV01555) based on diversity jurisdiction. Dkt. # 1.

I. Legal Standard

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *Exxon Mobil Corp v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). As such, "[i]t is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (internal citations omitted); *Gila River. Indian Cmty. v. Schoubroek*, 145 F.4th 1058, 1070 (9th Cir. 2025) (same). It is well-established that federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Foster v. Chatman*, 578 U.S. 488, 496 (2016) (internal quotation marks and citation omitted); *Moe v. GEICO Indem. Co.*, 73 F.4th 757, 759 (9th Cir. 2023).

"The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and providing diversity jurisdiction." *Rainero v. Archon Corp.*, 844 F.3d 832, 840 (9th Cir. 2016). "[T]he essential elements of diversity jurisdiction must be affirmatively alleged in the pleadings." *Id.* (cleaned up). Title 28 U.S.C. § 1332(a) sets forth the requirements to invoke the Court's diversity jurisdiction. 28 U.S.C. § 1332(a). The parties must be "citizens of different States" and "the matter in controversy [must] exceed[] the sum or value of $75,000, exclusive of interest and costs." *Id.* § (a)(1). For the purposes of assessing diversity jurisdiction, "[a] limited liability company is a citizen of every state of which its owners/members are citizens, not the state in which it was formed or does business." *Voltage Pictures, LLC v. Gussia, S.A. de C.V.*, 92 F.4th 815, 822 (9th Cir. 2024) (internal quotation marks and citation omitted); *see also Doe v. Deutsche Lufthansa*, 157 F.4th 1103, 1115 (9th Cir. 2025) ("Defendant LGBS, an LLC, is a citizen of Oklahoma and Delaware, because . . . its sole member is a citizen of Oklahoma and Delaware."); *3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018).

## II. Discussion

As the proponent invoking this Court's jurisdiction, it is Defendant's burden to demonstrate by a preponderance of the evidence that the parties are diverse and that the amount-in-controversy is satisfied. *See, e.g.*, *Est. Design and Constr., Inc. v. Revamp Panels, LLC*, No. 2:25-cv-10399-JAK (BFMx), 2025 WL 3229980, at *1 (C.D. Cal. Nov. 19, 2025)

### A. Diversity of Citizenship

In its Notice of Removal, Defendant alleges that its sole member is CVS Pharmacy, which is a citizen of Rhode Island. *See* Not. of Removal, Dkt. # 1 ("*NOR*") ¶¶ 2–4; *see also* Decl. of Thomas S. Moffatt, Dkt. # 1-7 ¶ 4. Yet, Defendant only alleges that because Plaintiff filed his Complaint in this County of Los Angeles, that this implies Plaintiff is a citizen of California. *See NOR* ¶ 10. This is insufficient to demonstrate Plaintiff's citizenship. *See Sanai v. Cobrae*, No. 23-16112, 2026 WL 1734887, at *1 (9th Cir. June 16, 2026) ("Citizenship is determined by a party's domicile on the date the lawsuit is filed. . . . Thus, the essential elements of diversity jurisdiction must be affirmatively alleged in the pleadings.") (cleaned up); *Adams v. W. Marine Prods., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020) ("A party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change.") (cleaned up)

(citation omitted). Defendant must therefore offer evidence of Plaintiff's domicile or citizenship. *See, e.g.*, *Sellers v. Eclipse Senior Living, Inc.*, No. 19-cv-0376-BAS-NLS, 2019 WL 13270503, at *2 (S.D. Cal. Mar. 6, 2019) ("In the absence of evidence clearly showing that Smith was not a citizen of California at the time of the Complaint's filing, there is no diversity jurisdiction, removal is not proper, and this matter should be remanded to California Superior Court."); *see also Est. Design*, 2025 WL 3229980, at *1–2.

B. Amount-in-Controversy

Second, Defendant's Notice of Removal states that regarding the amount-in-controversy, the Court may "take[] into account claims for general damages, pain and suffering, out-of-pocket loss, emotional distress, punitive damages and attorney's fees." *NOR* ¶ 18. Since the Complaint alleges that Plaintiff tripped and fell while on Defendant's property, the Notice of Removal notes that Plaintiff is entitled to recover general damages, as established at trial, special economic damages, and loss of income. *Id.* ¶ 19. The Notice of Removal concludes that "[i]t is thus facially apparent from the Complaint that Plaintiff's claim exceeds $75,000." *Id.* ¶ 20.

The Court has doubts that the amount-in-controversy is satisfied. "The amount in controversy is generally determined from complaint allegations." *Fowler v. Wells Fargo Bank, N.A.*, No. 2:25-cv-06256-BFM, 2025 WL 2507014, at *1 (C.D. Cal. Sept. 2, 2025) (citations omitted); *Sky-Med, Inc. v. Fed. Aviation Admin.*, 965 F.3d 960, 965 (9th Cir. 2020). "When it is not clear from the face of the complaint that the amount exceeds $75,000, the removing party must put evidence before the Court to establish that it is 'more likely than not' that the amount in controversy exceeds that threshold." *Fowler*, 2025 WL 2507014, at *1 (citing *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018)). "If from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, diversity jurisdiction cannot be maintained." *Id.* (citation omitted).

Here, "the Court has nothing before it about the amount that can be realistically attributed to [the] categories of damages" that Defendant proffers may be available to Plaintiff. *Id.* at *2. Defendant appears to rely on the Court's "judicial experience and common sense" to determine that it is "facially apparent from the Complaint that Plaintiff's claims exceed $75,000." *NOR* ¶ 20. But the Complaint asserts no specific amount of damages in controversy. It is Defendant's burden to proffer evidence to the Court to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-09591-MWC-AS Date: September 9, 2026

Title: Austin Montgomery v. Garfield Beach CVS, L.L.C., *et al.*

demonstrate that the amount-in-controversy is satisfied; "judicial experience and common sense" are plainly insufficient. *See, e.g.*, *Fuentebella v. Harley-Davidson Motor Co.*, No. 26-cv-07313-NC, 2026 WL 2088103, at *1 (N.D. Cal. July 20, 2026) ("Defendant must provide sufficient evidence to show by a preponderance of evidence that the amount in controversy exceeds $75,000.") (citation omitted).

III. Conclusion

In light of the foregoing, the Court **ORDERS** Defendant to show cause, in writing, no later than **Wednesday, September 16, 2026** why this case should not be remanded for failing to (i) adequately demonstrate Plaintiff's citizenship; and (2) satisfy the amount-in-controversy requirement. Failure to timely respond will result in the Court *sua sponte* remanding this action.

**IT IS SO ORDERED.**

:

**Initials of Preparer** TJ